543 P.2d 1110

**A. J. BURGBACHER and Ralph G. Burgbacher, dba Park Central Medical Building, a partnership, Appellants,**

**v.**

**Anna MELLOR, surviving spouse of Joseph H. Mellor, Deceased, Appellee.**

**No. 11996.**

Supreme Court of Arizona,
In Division.

Dec. 19, 1975.

Rehearing Denied Jan. 27, 1976.

Maupin & Wilson by Donald R. Wilson and William Gregory Fairbourn, Phoenix, for appellants.

J. William Moore, Phoenix, for appellee.

HAYS, Justice.

On a rainy afternoon, Joseph H. Mellor, a man eighty years old, slipped while hurrying across a wet exterior sidewalk near the north entrance of the Park Central Medical Building in Phoenix. He fell, striking the back of his head upon the pavement. Mellor died as a result of the brain injuries approximately two months later.

Anna Mellor, the surviving spouse, sued for the wrongful death of her husband. She alleged negligence on the part of A. J. and Ralph Burgbacher who do business as the Park Central Medical Building, strict liability in tort, negligence or failure to warn, and breach of warranty on the part of Arizona Disinfectant Company and Masury-Columbia Company. A jury verdict was returned in favor of the plaintiff against Park Central for $40,000 and in favor of the other two named defendants.

The Burgbachers appeal and we took jurisdiction of the case pursuant to Rule 47(e)(5), Rules of the Supreme Court. Edna M. Mellor, the executrix of the estate of Anna Mellor, has been substituted as the named appellee.

The first issue on appeal concerns the admissibility of evidence of prior slips-and-falls. The deposition testimony of a former Park Central maintenance man was read in part to the jury. He testified that he had on occasion slipped.

In addition, one woman testified that on a rainy day approximately two months before Mellor's accident, she slipped on the exterior sidewalk of the north entrance and fell, hitting her back and head. The appellants contend that this testimony was not only a collateral issue but highly prejudicial.

Without a foundational showing that other accidents occurred under similar conditions and for similar reasons, such evidence is prejudicial to the defendant in a case of this nature. *Vegodsky v. City of Tucson,* 1 Ariz.App. 102, 399 P.2d 723 (1965). However, if the proper foundation is established, evidence of similar accidents at or near the same place at a time not too remote from the accident in question is admissible. *Slow Development Co. v. Coulter,* 88 Ariz. 122, 353 P.2d 890 (1960). The issue of prior accidents is, with the proper foundation, relevant to establishing the elements of the plaintiff's prima facie case: (1) a duty on the part of the defendant to maintain the walking suface in a reasonably safe condition, (2) a breach of that duty, (3) proof that the plaintiff slipped as a result of the defendant's negligence, and (4) proof that the defendant knew or should have known of the dangerous condition. *George v. Fox West Coast Theatres,* 21 Ariz.App. 332, 519 P.2d 185 (1974). Evidence of previous accidents tends to prove the existence of a dangerous condition, knowledge or notice of that condition, or negligence in allowing the condition to continue. *Slow Development Co. v. Coulter, supra.* It must be shown, however, that the previous conditions were substantially similar to the conditions resulting in the accident at issue; it is sufficient if they are similar in general character if not precisely the same. *Slow Development Co. v. Coulter, supra.*

The appellants distinguish the prior accident as being that of a young woman wearing leather moccasins and carrying a child from that of an elderly man hurrying from the rain. They also argue that the amount of rainfall was different on the days of the two accidents, not denying that the pavement was completely wet both times, and that there may have been puddles of differing qualities or other differences.

The trial judge is vested with considerable discretion in determining the relevancy and admissibility of evidence. *City of Phoenix v. Boggs,* 1 Ariz.App. 370, 403 P.2d 305 (1965). The accidents were sufficiently close in time and sufficiently similar in character that it cannot be said that the trial judge abused his discretion. Furthermore, the jury is entitled to use its good judgment. *George v. Fox West Coast Theatres, supra.* It was able to evaluate the differences between the accidents before making its final determination.

The same reasoning is dispositive of the same contention with regard to the testimony of the maintenance man.

The second contention on appeal is similar to the first. The maintenance man testified that one day his wife almost slipped on the wet sidewalk but he could not place the incident before or after Mellor's accident. Counsel mentioned this in closing argument as having happened before Mellor's fall. The appellants now argue that counsel argued facts not in evidence to their detriment. The fact that the woman almost slipped was put before the jury but when she slipped was not clear and therefore a proper foundation for the evidence was not laid. However, the error was not of a degree that it can be said to have been so prejudicial to the appellants that a mistrial was necessary. The jury verdict was well supported by the other evidence.

The judgment is affirmed.

STRUCKMEYER, V. C. J., and HOLOHAN, J., concur.