638 P.2d 1346

In the Matter of the APPEAL IN PIMA COUNTY JUVENILE ACTION NO. S–949.

No. 2 CA–CIV 4175.

Court of Appeals of Arizona, Division 2.

Dec. 21, 1981.

Richard William McKinney, in pro. per.

Bridegroom & Hayes by Bruce D. Bridegroom, Tucson, for appellee.

## OPINION

HOWARD, Judge.

A juvenile court order terminating the parent-child relationship between appellant, the natural father, and his minor child is the subject of this appeal. We reverse.

A severance petition was filed by the natural mother on January 19, 1981. The petition alleged that appellant had been convicted of a felony of such nature as to prove his unfitness to have future custody and control of the child and that his sentence was of such length that the child would be deprived of a normal home for a period of years. It further recited that appellant was in the Arizona State Prison. On February 23, appellant filed a response pro se. He indicated his opposition to the severance and requested that the court order his presence at the hearing on April 15, 1981, so that he would have the opportunity to show cause why the severance petition should not be granted.

On April 24, appellant filed a "motion for production of documents" which stated that he had been advised by the court that a hearing was set for April 13, and he was requesting any documents prepared by the court concerning its findings at the hearing. He also stated that he was without counsel to represent him, and therefore he had received no correspondence from the court concerning the April 13 hearing. On May 6, the hearing on the severance petition was set for July 6. On May 16, appellant wrote a letter to Judge Fisher asking about the April 13 hearing and stating that he had received nothing from the court clerk in response to his request for documents pertaining to the hearing. This letter also indicated that he was not represented by counsel. On May 21, Judge Fisher ordered copies of all pleadings filed to date be mailed to appellant and that he thereafter receive copies of all minute entry orders.

On June 19, appellant filed a petition for a writ of habeas corpus ad testificandum. He alleged that he was confined in the Arizona State Prison, that a severance hearing was scheduled, and that he had a physical condition requiring daily medical attention. He requested the court to issue a writ to the Pima County Sheriff ordering that appellant be transported from the prison to the court for the purpose of the hearing on July 6. On June 30, the petition was denied by the juvenile judge.

On July 6, a hearing on the petition to sever was held before a juvenile court referee. The natural mother testified and the referee recommended that the relief prayed for in the severance petition be granted and that the parent-child relationship between appellant and the minor be severed. On July 20, Judge Berlat signed a "Judgment Adopting Conclusions, Findings and Recommendations of the Referee." A formal order was signed the same day which contained findings of fact.

On July 21, appellant filed a motion for rehearing requesting that the July 6 order be set aside. He pointed out his lack of success in trying to be heard at the severance hearing. There is no ruling on this motion and the notice of appeal was filed July 28.

We have detailed the chronology of these severance proceedings in order to illustrate that appellant consistently asserted his opposition to the severance and his desire to be heard. He had a statutory right to appointment of counsel to represent him if indigent. A.R.S. § 8–225(B). If he had the right to assigned counsel, it necessarily follows that he was entitled to be advised of that right. *In re Adoption of R.I.*, 455 Pa. 29, 312 A.2d 601 (1973). See also *In re Rodriguez*, 34 Cal.App.3d 510, 110 Cal.Rptr. 56 (1973); *People in Interest of V.A.E.Y.H.D.*, 605 P.2d 916 (Colo.1980); *State v. Jamison*, 251 Or. 114, 444 P.2d 15 (1968). Additionally, procedural due process requires that an incarcerated father be given notice of the termination proceedings and an opportunity to be heard or to defend. *In re Clark*, 26 Wash.App. 832, 611 P.2d 1343 (1980); *Matter of Rich*, 604 P.2d 1248 (Okl.1979).[1] Appellant was not afforded an opportunity to defend.

Termination proceedings must be conducted in strict compliance with the statutes involved and under the aegis of the Fourteenth Amendment. *Webb v. Charles*, 125 Ariz. 558, 611 P.2d 562 (App.1980); *In the Matter of the Appeal in Gila County Juvenile Action No. J–3824*, 124 Ariz. 69, 601 P.2d 1353 (1981).

We reverse and remand for further proceedings not inconsistent with this opinion.

HATHAWAY, C.J., and BIRDSALL, J., concur.

---

1. In both of these cases the father was incarcerated out of state. Both courts held that there was no due process violation because the father was represented at the severance hearing by court appointed counsel and had the opportunity to appear by a pro se brief and through counsel.