697 P.2d 1096

**Sarah PORTER, By and Through her surviving father and mother, Todd and Susan PORTER, Petitioners,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF PIMA, George T. Walker, Court Commissioner, Respondents,**

**and**

**The PRICE COMPANY, a foreign corporation, dba the Price Club, Real Party in Interest.**

No. 17752–PR.

Supreme Court of Arizona, En Banc.

April 2, 1985.

Davis, Siegel & Gugino by Barry M. Davis, Tucson, for petitioners.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Scott A. Salmon, Phoenix, for The Price Co.

HAYS, Justice.

Petitioner, Sarah Porter, by and through her surviving parents, petitions this court to review an order of the court of appeals declining jurisdiction of a special action. *Porter v. Superior Court*, (Ariz.1984) [No. 2 CA–SA 0102, filed Sept. 7, 1984].

This controversy arose in the following manner. On June 20, 1984 a Pima County Court Commissioner partially denied the Porters' motion to compel discovery of information about accidents involving children at Price Club stores. The commissioner allowed discovery as to accidents at the store where the alleged accident took place, but disallowed discovery of accidents as to the Price Club's twelve other stores. The Porters sought review of the trial court's decision by special action in the court of appeals. The court of appeals declined jurisdiction and the Porters petitioned this court for review. We have jurisdiction pursuant to 17A A.R.S. Civil Appellate Proc.Rules, Rule 23.

We address only one issue:

Is evidence of prior accidents involving children and shopping carts at Price Clubs other than the one where the alleged accident took place, discoverable pursuant to 16 A.R.S. Rules of Civ.Proc., Rule 26(b)?

On January 30, 1983, the Porters and their daughter, Sarah, 18 months of age, went to the Price Club. The Porters were members of the Price Club and had previously shopped there several times. On all prior occasions, the Porters kept Sarah in a shopping cart while they shopped, despite the cart's lack of a child's seat and despite posted warnings against this practice.

On the day in question, the Porters placed Sarah in a shopping cart. At one point, both parents turned their backs to Sarah to discuss a purchase. Sarah's father then turned and saw Sarah climb out of the shopping cart and fall, striking her head. The Porters left the Price Club without filing an accident report. Sarah's lip was slightly cut but otherwise she appeared unhurt.

Eleven days later, while at her baby-sitter's house, Sarah fell off a step and bumped her head. Shortly thereafter, she had difficulty breathing and slumped to the floor with convulsions. She was taken to the hospital where she underwent brain surgery. She died on February 11, 1983. The autopsy disclosed bilateral subdural hematomas, old and recent.

The Porters brought a wrongful death action against The Price Company (hereinafter Price Company), a California parent corporation of which the Tucson Price Club

is a wholly owned subsidiary. The Porters claimed they were forced to put Sarah in a shopping cart because of the hazardous conditions created by the presence of fork-lifts and other non-motorized vehicles in the aisles during shopping hours. They further claimed that the shopping cart was itself hazardous because of its lack of a child's seat. Price Company answered, denying negligence and asserting the defenses of assumption of the risk and contributory negligence.

On December 22, 1983 the Porters served non-uniform interrogatories on Price Company. Among other questions, Price Company was asked to provide all information within its possession or control concerning accidents involving shopping carts and children under the age of ten years. Price Company refused to answer these questions, claiming they were overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

On May 9, 1984 the Porters filed a motion to compel Price Company's answers. On June 20, 1984 Pima County Court Commissioner George T. Walker entered an order granting in part, and denying in part, the Porters' motion.

Specifically, Commissioner Walker ordered Price Company to furnish "[a]ny information regarding accidents involving children under the age of five which have occurred at the Tucson Price Club from the date of its opening until January 30, 1983...." The commissioner refused to order discovery of information concerning accidents at any of the other Price Clubs on the grounds that such discovery would be irrelevant, overbroad and burdensome.

The Porters contend that the commissioner abused his discretion. They argue that, because all Price Clubs are warehousing operations and employ similar or identical shopping carts, extended discovery is relevant to Price Company's knowledge or notice of the danger posed by these carts. They point out that, while one or the other of two types of shopping carts have been used at the various Price Clubs, neither type has seats for children. Discovery at the Tucson Price Club revealed two shopping-cart accidents involving children under five years of age.

Price Company, on the other hand, contends that when a claim is based upon premises liability, discovery should focus only on the premises in question. Without giving details specifying how, Price Company asserts that there are differences among the various Price Clubs. They argue that such extended discovery would be burdensome and a tool for harassing.

The scope of discovery according to 16 A.R.S. Rules of Civ.Proc., Rule 26(b)(1) is broad, allowing for discovery of any matter, not privileged, which is relevant to the subject matter of pending litigation. The information sought need not be admissible at trial; it only need be "reasonably calculated to lead to the discovery of admissible evidence." 16 A.R.S. Rules of Civ.Proc., Rule 26(b)(1); *see also Brown v. Superior Court,* 137 Ariz. 327, 332, 670 P.2d 725, 730 (1983).

■■■ A trial court has wide discretion in ordering discovery. *Brown v. Superior Court, id.* at 331–32, 670 P.2d at 729–30. This discretion is not, however, without limitation. When a trial court's ruling tends to thwart the purposes underlying Rule 26(b)(1), appellate intervention may be appropriate.

■■■ The commissioner abused his discretion in denying the Porters' motion to compel. A proprietor of a business is under an affirmative duty to make the premises reasonably safe for use by invitees. *Tribe v. Shell Oil Co.,* 133 Ariz. 517, 519, 652 P.2d 1040, 1042 (1982). Whether Price Company had notice of accidents involving children and shopping carts is, therefore, central to the Porters' claims of negligence. Discovery beyond the Tucson Price Club is appropriate, given the liberality of prevailing discovery practice, the apparent sim-

ilarity between the various Price Club premises, and the similarity of the shopping carts used. Moreover, Price Company has made no showing that this discovery would be unduly burdensome.

In light of all the circumstances as disclosed in the record before this court, we deem it appropriate to permit discovery of prior accidents involving shopping carts and children under the age of five years, occurring at any of the various Price Club stores from the date of their opening until the date of Sarah's accident.

Prayer for relief granted.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.