730 P.2d 867

**Charles SUCANICK, Plaintiff/Appellant,**

**v.**

**Arnold CLAYTON and Jane Doe Clayton, husband and wife dba ARNOLD'S 2 × 4 Lounge; Donald Moffatt and Jane Doe Moffatt, husband and wife; John Does and Jane Does I through V, Defendants/Appellees.**

**No. 2 CA–CIV 5798.**

Court of Appeals of Arizona, Division 2, Department A.

Oct. 28, 1986.

Jacoby & Meyers Law Offices by John R. Baker and Michael G. Arenz, Scottsdale, for plaintiff/appellant.

Jones, Skelton & Hochuli by Michael W. Foster and Larry J. Cohen, Phoenix, for defendants/appellees.

## OPINION

FERNANDEZ, Judge.

This case involves the responsibility of a tavern owner to protect his patrons from assaults by third persons. We affirm the trial court's order granting summary judgment in favor of the tavern owner.

Appellant Charles Sucanick was entering Arnold Clayton's 2 × 4 Lounge in Glendale, Arizona, to have a drink when he was stabbed by another patron, Joe Poole, who was wildly swinging a knife. The evidence is conflicting as to whether the stabbing occurred inside or outside the bar. Since the granting of summary judgment is being challenged, we will assume it occurred inside the bar.

A week before the stabbing incident, Joe Poole was involved in a fight at the Ancient Mariner Bar, which is located near the 2 × 4 Lounge. Poole's girlfriend, Carol Fajen,

was the bartender at the Ancient Mariner. Poole and Carol's two brothers engaged in a fight with three other patrons, Randy and Ronnie Conrad and Randy Olson. As a result of that fight, Ronnie Conrad lost nine teeth and Randy Olson lost part of an ear.

On the night of the incident in question, Poole, Carol, one of Carol's brothers and a friend went to the 2 × 4 Lounge to dance and drink. The Conrad-Olson group learned that their adversaries were at the bar and went there looking for them. Upon arriving at the bar they were met by Moffatt, the bouncer, whose nickname is Muckett. Randy Olson testified at his deposition that he told Muckett he wanted to talk to one of the group about paying the deductible on his insurance and that there could be trouble. Ronnie Conrad told Muckett that they had had trouble a few days before with some guys and they were looking for them in the bar. Muckett told them they could not escort their adversaries out, but they could come in the bar if they promised there would be no problems. They then gave Muckett their word that there would be no problem and were allowed to enter. The waitress overheard part of this conversation.

Bruce Fajen, Carol's brother, began to talk to the rival group and Randy Olson attempted to grab him. A brief scuffle then occurred in which no blows were struck but Fajen was pushed. Olson then left the bar. A second scuffle occurred between Poole and Ronnie Conrad, after which Conrad also left. The Conrad-Olson group were in the bar approximately 15 minutes.

Both Conrad and Olson had been outside for about five minutes when Joe Poole decided to leave, apparently assuming that he was going to have to fight his way out. Just inside the door, he pulled a knife from his boot and began swinging it, severely lacerating appellant's hand.

Appellees' uncontroverted affidavits state that none of the employees had ever seen Joe Poole prior to the incident nor had

he ever caused any problems or ever been involved in any violence or altercations at the 2 × 4 Lounge. It is also uncontroverted that both Conrad and Olson were outside the bar at the time appellant was stabbed.

The sole question presented is whether material issues of fact exist which preclude summary judgment for the tavern owner. Appellant contends that it was not necessary for him to show that the tavern owner knew or should have known specifically that Joe Poole had violent propensities as a predicate to imposition of liability. He also contends that it was sufficient to show, based on the totality of the circumstances, that the tavern owner should have reasonably foreseen the threat of harm to patrons in the bar. Although we do not disagree with those contentions, we agree with the trial court that appellant raised no genuine issue of material fact.

The duty of tavern owners to protect their patrons from physical assaults has been recognized in three Arizona cases. *McFarlin v. Hall*, 127 Ariz. 220, 619 P.2d 729 (1980); *Hebert v. Club 37 Bar*, 145 Ariz. 351, 701 P.2d 847 (App.1984); *Pierce v. Lopez*, 16 Ariz.App. 54, 490 P.2d 1182 (1971), *disapproved on other grounds, Ontiveros v. Borak*, 136 Ariz. 500, 667 P.2d 200 (1983). The duty was first articulated in *Pierce v. Lopez*, 16 Ariz.App. at 57, 490 P.2d at 1185, as follows:

> [O]ne who operates a bar where the public is invited while not an insurer of the safety of his patrons, owes the duty to his patrons to exercise reasonable care and vigilance to protect them from reasonably foreseeable injury, mistreatment or annoyance at the hands of other patrons.

All three cases recognize that before liability can be imposed the threat of harm must have been foreseeable either to the tavern owner or to his employees. In McFarlin v. Hall, the court found the threat of harm was foreseeable, while in the other two cases, the courts found that the assaults were not foreseeable. The court in *McFar-*

*lin* expanded on the tavern owner's duty as follows:

> It is sufficient if the jury could have found on the evidence that a reasonable person would have foreseen that the condition or presence of [the assailant] on the premises posed a threat of physical harm to the patrons or employees of the bar and would have taken action to prevent such harm.

127 Ariz. at 222, 619 P.2d at 731. It is clear in this case that neither the tavern owner nor any of his employees had any notice either that Joe Poole posed a threat of physical harm to other patrons or that serious trouble would occur.

The brief altercations that occurred between the parties do not suggest that the tavern owner needed to act, since the evidence is clear both Olson and Conrad had left the bar prior to the stabbings. Nor is there any evidence that either the bar owner or any of his employees was aware that Olson and Conrad were waiting outside in the parking lot. The facts of this case are similar to those in *Pierce v. Lopez, supra,* in that a preliminary altercation had apparently ended before the injury sued upon occurred. The court there held:

> Liability based solely upon appellant Pierce hearing a single exchange of words, albeit loud words, and any possible altercation apparently ending when one party moved away and the other returned to normal conversation, followed by a blow, necessarily struck less than thirty seconds later, is much too tenuous.

16 Ariz.App. at 59, 490 P.2d at 1187. There is also nothing in the record here which would have given the tavern owner notice that Poole had a knife in his boot, a situation which is similar to the facts in *Hebert v. Club 37 Bar, supra,* a case in which the court found there was no liability.

Appellant asserts that other jurisdictions do not require a tavern owner to have notice of the dangerous propensities of the specific assailant before liability is imposed, citing *Allen v. Babrab, Inc.*, 438

So.2d 356 (Fla.1983); *Kimple v. Foster,* 205 Kan. 415, 469 P.2d 281 (1970); *Reilly v. 180 Club, Inc.,* 14 N.J.Super. 420, 82 A.2d 210 (1951); and *Manzanares v. Playhouse Corp.,* 25 Wash.App. 905, 611 P.2d 797 (1980). In *Allen* and *Kimple,* there was ample evidence that escalating hostilities had occurred over a considerable period of time prior to the infliction of the injuries sued upon. In *Reilly* there was no discussion along the lines of appellant's argument but merely a statement that a tavern owner is held to a somewhat greater standard of care because of the effects liquor can have on patrons. The evidence in *Manzanares* was that the bouncer himself was involved in the escalating hostilities and ensuing injuries. Those cases do not assist appellant.

We have examined all of appellant's evidence opposing the summary judgment and find that, under the controlling Arizona cases and the facts of this case, there was no reason for the tavern owner to foresee the possibility that appellant would be injured by Poole. A tavern owner is not an insurer of the safety of his patrons. There were no issues to submit to a jury, and the granting of summary judgment was proper.

Affirmed.

HATHAWAY, C.J., and HOWARD, P.J., concur.