865 P.2d 120

**Charles L. COTTERHILL, Plaintiff–Appellant,**

v.

**Ann BAFILE and John Doe Bafile, wife and husband, Defendants–Appellees.**

**No. 1 CA–CV 90–0393.**

Court of Appeals of Arizona, Division 1, Department C.

June 8, 1993.

Review and Cross–Petition for Review Denied Jan. 19, 1994.

Crowe & Scott, P.A. by Michael B. Scott, Phoenix, for appellant.

David S. Rosenthal, Phoenix, for appellee.

## OPINION

LANKFORD, Judge.

Charles L. Cotterhill filed this action against Ann Bafile, the owner of Mickey's Cocktail Lounge, to recover damages for personal injuries resulting from an assault by other patrons of the bar. A jury found that Cotterhill's damages were $300,000 and allocated 75% of the liability to Bafile. The trial court entered a judgment notwithstanding the verdict ("n.o.v.") and conditionally granted a new trial under Rule 50(c), Arizona Rules of Civil Procedure. Cotterhill appeals from the judgment n.o.v. and the conditional grant of a new trial. We reverse the judgment n.o.v. and affirm the order granting a new trial.

On appeal, we must decide the following issues:

1. Did the trial court err when it granted judgment n.o.v. based on its finding that Bafile had not violated the applicable standard of care?

2. Did the trial court err in conditionally granting a new trial based on its ruling that evidence of prior violence at the lounge had been improperly admitted and that a refused jury instruction should have been given?

3. May the trial court admit evidence of Cotterhill's blood alcohol level at a new trial?

Cotterhill and two co-workers, Eddie De-Luna and Keith Davis, went to the lounge to drink and play pool. One bartender was on

duty. During the evening there was open antagonism between the Cotterhill group and some of the bar "regulars." The record contains conflicting eyewitness testimony concerning the events leading to the assault on Cotterhill. Because of serious brain injuries resulting from this assault, Cotterhill had no memory at trial of these events.

Davis testified that although the bartender was aware of an angry confrontation between DeLuna and another patron, she did not ask anyone to leave or otherwise act to calm the situation. Davis told DeLuna to leave the bar because he felt that DeLuna's behavior could result in a fight. According to Davis, after DeLuna left the bar a group of men surrounded Cotterhill and Davis while they sat on bar stools. Someone tapped either Cotterhill or Davis on the shoulder and said that the group did not like DeLuna or them. A fight ensued during which Davis escaped through the door and Cotterhill was severely beaten.

Another eyewitness testified that some of the bar "regulars" were annoyed with Cotterhill for irritating them while they were playing pool. He described the tension between the two groups as having existed for about ten to fifteen minutes before the fight broke out. He had no recollection of DeLuna.

## I.

◼ In reviewing the granting of judgment n.o.v., we must determine "whether the evidence is sufficient that reasonable people could discern facts to support the verdict." *Koepnick v. Sears Roebuck & Co.*, 158 Ariz. 322, 329, 762 P.2d 609, 616 (App.1988). In doing so, we view the evidence in a light most favorable to sustaining the jury verdict. *Id.* Citing *Pierce v. Lopez*, 16 Ariz.App. 54, 490 P.2d 1182 (1971) and *Sucanick v. Clayton*, 152 Ariz. 158, 730 P.2d 867 (App.1986), the trial court granted judgment n.o.v. for lack of evidence that the bartender had time to act to prevent the violence, which meant that the bartender could not have breached the duty of care she owed to Cotterhill.

◼ To establish negligence, a plaintiff need only present facts from which negli-

gence can reasonably be inferred. *McFarlin v. Hall*, 127 Ariz. 220, 224, 619 P.2d 729, 733 (1980). However, in *Pierce* and *Sucanick* we held that while a bar owner owes a duty to his patrons to exercise reasonable care to protect them from physical assault, the injury must be reasonably foreseeable. In *Pierce*, it was estimated that only thirty seconds elapsed between the time that beer was spilled by one patron on another, angry words were spoken, and a fight erupted. In *Sucanick*, bar employees reasonably believed that all of the members of one rival group had left the bar.

◼ In contrast, in this case evidence permits the inference that bad feelings between two groups persisted for 10 to 15 minutes, including loud and hostile verbal exchanges among several men. However, the bartender did not attempt to calm the situation, ask anyone to leave, threaten to call the police or call the police during that time. A reasonable jury could have inferred that the probability of a fight was evident for several minutes before it occurred, and that the bartender neglected to take reasonable action to avert violence.

Evidence presented at trial also permits the inference that the bartender saw Cotterhill assaulted, pushed outside and followed by his attackers, yet failed to go outside and determine whether Cotterhill had been injured.

◼ The Second Restatement of Torts defines the duty owed to Cotterhill by Bafile:

A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons ..., and by the failure of the possessor to exercise reasonable care to

(a) discover that such acts are being done or are likely to be done, or

(b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

Restatement (Second) of Torts § 344 (1965). Under this section of the Restatement, Bafile

could be held liable if Cotterhill's injuries resulted from her negligent operation of her business. *See also Porter v. Superior Ct.*, 144 Ariz. 346, 697 P.2d 1096 (1985) (business proprietor has affirmative duty to make business premises reasonably safe for invitees' use); *McDonald v. Smitty's Super Valu, Inc.*, 157 Ariz. 316, 757 P.2d 120 (App.1988) (business owner owes duty to invitees to maintain premises in reasonably safe manner).

The evidence supports a reasonable inference of negligence. Accordingly, we conclude that the trial court erred in granting judgment n.o.v. in favor of Bafile.

## II.

We next consider whether the trial court erred in issuing the new trial order.

This court will not set aside a trial court's order granting a new trial absent a clear showing of an abuse of discretion. *Adroit Supply Co. v. Electric Mut. Liab. Ins. Co.*, 112 Ariz. 385, 389, 542 P.2d 810, 814 (1975). The court based its decision to grant a new trial on two grounds. An order granting a new trial for more than one reason will be upheld if any of the reasons stated is supportable. *Reeves v. Markle*, 119 Ariz. 159, 163, 579 P.2d 1382, 1386 (1978).

## A.

We first consider the court's decision to grant a new trial on the basis that it erred by refusing Bafile's requested instruction on the duty of bar owners.[1] In determining whether a jury instruction should be given, this court views the evidence in the light most favorable to the requesting party, and if there is evidence tending to establish the theory proposed in the instruction, it should be given. *Andrews v. Fry's Food Stores of Arizona*, 160 Ariz. 93, 95, 770 P.2d 397, 399 (App.1989).

The judge was not required to give the requested instruction. A trial judge need not instruct on every refinement of the law suggested by counsel. *Pioneer Roofing Co. v. Mardian Constr. Co.*, 152 Ariz. 455, 462, 733 P.2d 652, 659 (App.1986).

However, the judge did not abuse his discretion by deciding that the requested instruction should have been given and conditionally granting a new trial. Cotterhill argues that the requested instruction was unnecessary because it was already covered by an instruction which informed the jury that a bar owner owes a duty to exercise reasonable care and vigilance to protect patrons from reasonably foreseeable injury. However, the proposed instruction clarified this general instruction by setting forth factors relevant to foreseeability and informed the jurors that they could determine, as an issue of fact, whether the person in charge of the bar should have observed and realized whether the conduct involved was likely to result in an injury to one of the patrons.[2]

The purpose of jury instructions is to explain the applicable law to the jury in

1. The proposed instruction read as follows:

You are instructed that one who operates a bar where the public is invited, while not an insurer of the safety of his patrons, owes the duty to his patrons to exercise reasonable care and vigilance to protect them from reasonably foreseeable injury, mistreatment or annoyance at the hands of other patrons.

In particular the protector must exercise the power of control or expulsion which his occupation of the premises gives him over the conduct of any person who may be present, to prevent injury, mistreatment or annoyance to the patron at said person's hand. He must act as a reasonable man to prevent harm from the negligence of patrons who have entered the premises or even from intentional acts on the part of said persons. He is required to take action only when he has reason to believe, from what he has observed, that the conduct of the other person will be dangerous to the visi-

tor. The test of whether the duty of reasonable care is discharged is the probability of injury to the plaintiff. Whether the person in charge of the premises, in the exercise of ordinary care, should have observed the conduct of the offender, realized it was likely to result in injury to an invitee, and stopped it, are questions of fact to be determined by you.

2. Although a similar instruction was approved in *Pierce v. Lopez*, 16 Ariz.App. 54, 490 P.2d 1182 (1971), we are troubled by the following sentence in the instruction proposed here: "The test of whether the duty of reasonable care is discharged is the probability of injury to the plaintiff." Our state Supreme Court disapproved of a prior version of this sentence which used the words "probability or possibility of injury." *McFarlin v. Hall*, 127 Ariz. 220, 225, 619 P.2d 729, 734 (1980). Although the Supreme Court focused on the error in using the term "possibili-

terms that it can understand. *Barrett v. Samaritan Health Servs., Inc.*, 153 Ariz. 138, 143, 735 P.2d 460, 465 (App.1987). Evidence supported the proposed instruction and the instruction correctly stated the law. Although the trial judge instructed the jury on the basic proposition of law, he was entitled to give additional instructions which elaborated on the minimally required instructions to help the jury better understand the issues. A trial judge has considerable discretion in deciding whether more specific instructions are necessary to avoid misleading the jury. *See Ott v. Samaritan Health Serv.*, 127 Ariz. 485, 491–92, 622 P.2d 44, 50–51 (App.1980) (while general rule is that decision to further instruct jury is within trial court's discretion, error for court to refuse to further instruct confused jury); *Gammon v. Clark Equip. Co.*, 104 Wash.2d 613, 707 P.2d 685, 687 (1985) (not error for trial judge to refuse jury instruction clarifying strict liability and negligence theories). We conclude that the trial court did not abuse its discretion in granting a new trial based on its failure to give the proposed instruction.

### B.

■ The trial court also based its new trial order on the admission at trial of evidence regarding prior incidents of violence at the lounge, which the court later found to be a violation of Arizona Rule of Evidence 403.

In conditionally granting a new trial, the trial judge relied on *Burgbacher v. Mellor*, 112 Ariz. 481, 543 P.2d 1110 (1975). In that case, our supreme court stated that:

Without a foundational showing that other accidents occurred under similar conditions

and for similar reasons, such evidence is prejudicial to the defendant.... It must be shown, ... that the previous conditions were substantially similar to the conditions resulting in the accident at issue; it is sufficient if they are similar in general character if not precisely the same.

*Burgbacher*, 112 Ariz. at 483, 543 P.2d at 1112 (citations omitted). The trial judge concluded that under *Burgbacher*, evidence of prior incidents at the lounge should not have been admitted because those incidents were not substantially similar to the incident in which Cotterhill was injured. The prior incidents included liquor violations, disorderly conduct, domestic violence, and an alleged assault involving Bafile's former partner. Some of these occurrences took place outside the lounge in the parking lot. In contrast, Cotterhill's injury resulted from an altercation among bar patrons inside the lounge. The conditional grant of a new trial based on the court's conclusion that the prior incidents were not substantially similar to the one in which Cotterhill was injured was not an abuse of discretion.

### III.

■ Cotterhill also argues that the trial court, relying on Ariz.Rev.Stat.Ann. ("A.R.S.") section 4–312(A) [3], improperly refused to admit evidence of his blood alcohol level. Cotterhill asks us to direct the trial court to admit that evidence in any retrial.

Subsequent to the trial in this case, the Arizona Supreme Court held section 4–312(A) unconstitutional in *Schwab v. Matley*, 164 Ariz. 421, 793 P.2d 1088 (1990). The Supreme Court held that by making the doc-

---

ty," we believe that this part of the instruction is inherently misleading because it states that breach of a defendant's duty is dependent not on defendant's actions, but on one of the factors which the court uses to determine the existence of a duty. This does not change our conclusion that the trial court could grant a new trial, however. The record does not reveal that the trial court intended to give the proposed instruction verbatim rather than as modified to correctly state the law.

**3.** A.R.S. § 4–312(A) read as follows:

A licensee is not liable in damages to any consumer or purchaser of spirituous liquor over the legal drinking age who is injured or

whose property is damaged, or to survivors of such a person, if the injury or damage is alleged to have been caused in whole or in part by reason of the sale, furnishing or serving of spirituous liquor to that person. A licensee is not liable in damages to any other adult person who is injured or whose property is damaged, or to the survivors of such a person, who was present with the person who consumed the spirituous liquor at the time the spirituous liquor was consumed and who knew of the impaired condition of the person, if the injury or damage is alleged to have been caused in whole or in part by reason of the sale, furnishing or serving of spirituous liquor.

trines of contributory negligence and assumption of the risk questions of law, section 4–312(A) violated article 18, section 5 of the Arizona Constitution. *Id.*

The trial court concluded that the holding in *Schwab* would not have altered its ruling excluding evidence of Cotterhill's blood alcohol level at trial. Cotterhill sought to admit this evidence to show that the bartender failed to adequately monitor conditions in the bar and failed to intervene when she had a duty to do so. He argues that his intoxication was evidence of the bartender's negligent operation of the lounge.

■ We will not disturb a trial court's ruling on the exclusion or admission of evidence absent a clear abuse of discretion and resulting prejudice. *Selby v. Savard,* 134 Ariz. 222, 227, 655 P.2d 342, 347 (1982). This trial court's ruling was not an abuse of discretion. The court found that because Cotterhill did not base his claim on an allegation that the bartender negligently sold alcohol to him, *Schwab* was inapplicable. The court found that Cotterhill's intoxication was not obvious and thus had no effect on the events at the lounge. Cotterhill has not attacked that finding on appeal. Therefore, his intoxication had no bearing on the question of whether the bartender acted negligently.

Even if it was error to exclude this evidence, Cotterhill has failed to show any resulting prejudice. Such prejudice "must affirmatively appear from the record." *Walters v. First Federal Sav. and Loan Ass'n of Phoenix,* 131 Ariz. 321, 326, 641 P.2d 235, 240 (1982). The record in this case shows no prejudice resulting from the trial court's decision to exclude evidence of Cotterhill's blood alcohol content. It is within the trial court's discretion to rule upon the admission or exclusion of this evidence at a new trial.

### Conclusion

We reverse the judgment notwithstanding the verdict and affirm the order for new trial.

GERBER, P.J., and McGREGOR, J., concur.