NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

BRANDON J., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, Z.J., *Appellees.*

No. 1 CA-JV 21-0218
FILED 12-21-2021

Appeal from the Superior Court in Maricopa County
No. JD538415
The Honorable Kristin Culbertson, Judge

**AFFIRMED**

COUNSEL

By Denise L. Carroll
*Counsel for Appellant*

Attorney General's Office, Phoenix
By Amanda Adams
*Counsel for Appellee*

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Peter B. Swann and Judge David D. Weinzweig joined.

**M c M U R D I E**, Judge:

¶1 Brandon J. ("Father") asks this court to reverse the juvenile court's dependency finding about his child, Zachary.[1] Father argues that he was denied his due process rights because he lacked access to all DCS's exhibits before the hearing. He claims he was also denied due process when the juvenile court denied his motion to continue the hearing, created a new exhibit, took judicial notice of specific evidence, and heard testimony about Zachary's previous dependency. The juvenile court did not abuse its discretion by admitting evidence during the contested dependency hearing, and the admission of evidence or denial of a continuance did not prejudice Father. Thus, we affirm the juvenile court's ruling.

### FACTS AND PROCEDURAL BACKGROUND

¶2 In September 2020, police arrested Father for domestic violence. Father allegedly held a gun to his partner's head, threatened her, and then discharged the weapon into a wall while Zachary and the partner's child were in the home. According to his partner, Father drank alcohol before the incident. The State charged Father with several felony offenses, and he has remained in custody since his arrest.

¶3 The Department of Child Safety ("DCS") took Zachary into temporary physical custody and placed him with a family friend who was his guardian during a previous dependency. DCS then petitioned for a dependency, and the juvenile court scheduled a dependency hearing. In November, DCS personally served Father in the jail with a notice of the dependency hearing. In February 2021, Father contested the dependency.[2]

---

[1] We use a pseudonym to protect the identity of the child.

[2] Mother did not contest the dependency and her parental rights to Zachary were ultimately terminated in August 2021.

¶4 At a pretrial conference held May 4, Father claimed that he had "most of the documents" and was "prepared" for the hearing. Father failed to include the pretrial conference transcripts in the appellate record. Still, during the dependency hearing, the court noted that Father had confirmed he had the documents, including the police reports, and had reviewed them.

¶5 The contested dependency hearing was held on May 10. Father chose to represent himself, with an attorney appointed as advisory counsel. Father invoked his Fifth Amendment rights and did not testify about the facts that led to his arrest. The court informed Father that his refusal to testify might trigger an adverse inference.

¶6 Father objected to most of DCS's exhibits, claiming he had not yet reviewed them. His advisory counsel had tried to provide the exhibits to Father but could not give him everything because of a document limitation at the jail. DCS had also disclosed copies of some exhibits to the attorney less than a week before the hearing. The court admitted only three of the ten exhibits offered and created an eleventh exhibit containing the parts of Exhibit 10 reviewed by Father.

¶7 DCS presented evidence that Father was in jail awaiting trial on the domestic violence charges. DCS also presented evidence about Father's domestic violence, substance abuse, and behavioral health during Zachary's previous dependency.

¶8 The court found Zachary dependent as to Father because of domestic violence, substance abuse, mental health, and incarceration. Father timely appealed.[3]

## DISCUSSION

¶9 We review a dependency finding for an abuse of discretion and "will only disturb a dependency adjudication if no reasonable evidence

---

[3] After the appeal was filed, the Supreme Court Foster Care Review Board made its semi-annual findings and recommendation report. In this report, the Board recommended that Zachary be adopted by current placement rather than reunited with Father. The Board reasoned that adoption would be in the child's best interest because of Father's incarceration and lack of participation in services. DCS's current plan for Zachary remains reunification with Father. Father approves Zachary's current placement.

supports it." *Shella H. v. DCS*, 239 Ariz. 47, 50, ¶ 13 (App. 2016). A finding of dependency requires proof by a preponderance of the evidence. A.R.S. § 8-844(C). We defer to the juvenile court's ability to weigh and analyze the evidence. *Shella H.*, 239 Ariz. at 50, ¶ 13.

¶10 Father contends that his due process rights were violated because he did not have a chance to review all DCS's exhibits before the hearing. As a result, he requests a "new trial." Although DCS concedes that it submitted its evidence late, the court's admission of some of these exhibits did not cause Father prejudice. *See Kimu P. v. ADES*, 218 Ariz. 39, 42, ¶ 11 (App. 2008) ("We will not disturb a trial court's ruling on the admission or exclusion of evidence unless a clear abuse of discretion is present and prejudice results therefrom."). As a result, we affirm the dependency finding because there was sufficient evidence of Zachary's dependency even without the late-filed exhibits.

**A.     Despite DCS's Late Disclosure, the Trial Court Did Not Abuse Its Discretion by Admitting Evidence.**

¶11 The court has broad discretion in admitting or excluding evidence, and its ruling will not be disturbed absent a clear abuse of that discretion. *Lashonda M. v. ADES*, 210 Ariz. 77, 82–83, ¶ 19 (App. 2005). Arizona Rules of Procedure for the Juvenile Court 44(A) states that "[a]ll information which is not privileged shall be disclosed." For a contested adjudication hearing, disclosure of a "list of and copies of all exhibits" must occur "within sixty (60) days after the preliminary protective hearing or service of the petition upon a party not appearing at the preliminary protective hearing." Ariz. R.P. Juv. Ct. 44(B)(2)(e). The court may sanction parties that do not comply with the disclosure rule. Ariz. R.P. Juv. Ct. 44(G).

¶12 DCS violated Juvenile Rule 44 by disclosing its exhibits late. The first preliminary protective hearing occurred in October 2020, but Father was not present. DCS served Father's dependency petition on November 18, 2020. DCS had to disclose a list and copy of all its exhibits within 60 days from the date of service but did not file its disclosure statement until April 13, 2021, and its notice of filing exhibits until May 4, 2021. By disclosing its exhibits five months after service, DCS did not promptly disclose under Rule 44(B). This delay in filing prevented Father from receiving and reviewing the exhibits as required by Rule 44(A). Under the circumstances, he had no opportunity to read the documents in preparation for the hearing.

¶13 Despite the late disclosure, the court admitted four of DCS's exhibits into evidence for the contested dependency hearing. These exhibits

included the report to the juvenile court for the initial dependency hearing from October 2020, a progress report from April 2021, a declaration from a DCS employee with attached criminal records, and police reports dealing with Father's current offense. Exhibits dealing with Zachary's prior dependency and Father's previous criminal offenses were not admitted into evidence.

¶14 The juvenile court rejected most of DCS's exhibits based on the late disclosure and was careful to ensure that Father had the chance to review exhibits before admitting them. For example, the court only accepted the parts of Exhibit 10 (now Exhibit 11) that Father had seen. The court sought to balance both parties' interests and rights with these efforts, showing the court appropriately used its discretion.

¶15 Father argues that the court erred by denying his motion to continue the dependency hearing. He alleges he moved for more time at the pretrial conference and then tried to renew this motion at the contested hearing. But Father has waived the argument on appeal because he has not provided a transcript of the pretrial conference. *See Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995) ("A party is responsible for making certain the record on appeal contains all transcripts or other documents necessary for [this court] to consider the issues raised on appeal.").

¶16 As for the merits of the claim, procedural due process requires that a parent be given notice of the dependency proceedings and have a chance to be heard and defend the case. *In re Appeal in Pima County Juvenile Action No. S-949*, 131 Ariz. 100, 101 (App. 1981). Juvenile Rule 44(G) allows but does not require a court to impose sanctions for late disclosure. And if it chooses to sanction one party, the court may continue the trial, reject the late exhibits, or enter an order against the party that filed late. Ariz. R.P. Juv. Ct. 44(G). Given the lack of prejudice noted below, the juvenile court did not abuse its discretion by denying the continuance motion.

**B.      Father Has Not Shown Prejudice.**

¶17 To prevail, Father must show prejudice. *Lashonda M.*, 210 Ariz. at 82–83, ¶ 19. The prejudice "must affirmatively appear from the record." *Cotterhill v. Bafile*, 177 Ariz. 76, 81 (App. 1993) (quoting *Walters v. First Fed. Sav. & Loan Ass'n of Phoenix*, 131 Ariz. 321, 326 (1982)). Father has not met his burden.

¶18 A dependent child needs "proper and effective parental care and control," but whose "parent or guardian [is not] willing to exercise or capable of exercising such care and control." A.R.S. § 8-201(15)(a)(i).

"Neglect" includes the "inability or unwillingness of a parent . . . to provide [the] child with supervision, food, clothing, shelter or medical care if that inability or unwillingness causes unreasonable risk of harm to the child's health or welfare." A.R.S. § 8-201(25)(a).

¶19      The issue before the court at the contested dependency hearing was whether Father could care for the child at that time. Father testified that if the court returned Zachary to his custody, he could not parent Zachary because he was in jail. Father may be willing to provide Zachary with appropriate parental supervision, but he cannot do so until he is released from confinement. *See* A.R.S. § 8-201(25)(a).

¶20      The claimed errors did not prejudice Father. The court would have come to the same conclusion based solely on Father's testimony about his incarceration. On appeal, Father concedes that the alleged errors may not have altered the outcome of the dependency finding. Because the record independently supports the dependency finding without the exhibits Father challenges, we affirm. *See Alice M.*, 237 Ariz. at 74, ¶ 13.

**CONCLUSION**

¶21      We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA